

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00164-CR

TYRONE WASHINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F22-3494-211

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

A Denton County[1] jury convicted Tyrone Jermaine Washington of third-degree felony assault family violence with a prior conviction. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). In addition to the prior felony conviction alleged to support that charge, the indictment further alleged as enhancements that, at the time of the charged offense, Washington had already been finally convicted of two other felony offenses. After a bench trial for punishment, the trial court found both enhancements true and, pursuant to the punishment range provided under the repeat and habitual offender statute, sentenced Washington to thirty-five years' imprisonment. *See* TEX. PENAL CODE ANN. § 12.42(d) (Supp.).

On appeal, Washington argues that the trial court (1) erred by failing to grant a motion for continuance as alternative relief for the State's production of a recorded-witness interview four days before trial; (2) failed to grant a mistrial because references to extraneous-felony warrants violated Rule 403 of the Texas Rules of Evidence; and (3) failed to grant a mistrial because references to prior interactions with law enforcement violated the motion in limine and Rule 403. *See* TEX. R. EVID. 403. We affirm the trial court's judgment.

## I. The Trial Court's Denial of Continuance Was Not an Abuse of Discretion

Washington argues that the trial court erred by failing to continue his trial because the State failed to tender a recorded-witness statement until four days before trial. On appeal, Washington conflates a pretrial-recorded statement with testimony presented live at trial: "The

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

trial court erred when it failed to suppress testimony that was produced four days before trial." Though framing the issue in that fashion, what Washington urges on appeal is that a jury should hear the testimony of the witness, but at a later date, after Washington has had more time to prepare.

Regarding the trial court's continuance ruling, neither side denied being aware of the witness, nor did either side deny that the witness and victim were in the vehicle with Washington at the time of the events set forth in the indictment. Investigating officers with the Denton Police Department (DPD) attempted to interview the witness as part of the initial investigation, but the witness proved difficult to find. That said, the witness was identified in the initial police report. Between Washington's arrest and trial, there were times when the State knew the whereabouts of the witness because the witness was incarcerated (though not in a Denton facility). During such periods of incarceration, the DPD opted not to go interview the witness. Washington attempted to speak to the witness, but he would not talk to Washington. As trial approached, the State identified the witness on its witness lists of February 13, 2024, and July 10, 2025. Just four days before trial, on July 17, 2025, an officer with the DPD interviewed the witness. The video recording of that interview was made available to Washington on July 18, 2025. Washington moved to suppress the recorded interview. At a pretrial hearing on the morning of the July 21, 2025, trial, the trial court excluded the recorded interview but indicated that the witness would be permitted to testify live. The discussion then turned to whether the trial should be continued.

In the recorded interview, it was stated that the witness said that the victim voluntarily got into the vehicle with the witness and Washington. Washington conceded that he had

3

expected the witness to say as much. Washington further conceded that he and the witness *had been* friends. During the recorded interview, it was stated that the witness gave his account of what Washington did to the victim once she got into the vehicle. The trial court declined to continue the case.[2]

### A. Standard of Review and Applicable Law

We review admission of evidence, continuances, and Article 39.14 of the Texas Code of Criminal Procedure violations for an abuse of discretion. *Hance v. State*, 714 S.W.3d 775, 809 (Tex. App.—Fort Worth 2025, no pet.); *State v. Heath*, 696 S.W.3d 677, 688 (Tex. Crim. App. 2024).

Article 39.14 requires the State to disclose, "as soon as practicable," "evidence material to any matter involved in the action and that [is] in the possession, custody, or control of the state." TEX. CODE CRIM. PROC. ANN. art. 39.14(a) (Supp.). "Article 39.14(a) makes clear that offense reports and witness statements obtained from law enforcement officers are subject to disclosure [by the prosecutor] even though those items are in the possession of law enforcement." *Heath*, 696 S.W.3d at 701. If there is an Article 39.14 discovery violation, "the trial court [i]s within its discretion to fashion a remedy it deem[s] appropriate." *Id.* at 708.

---

[2]The State argues that Washington did not preserve the error because he did not file a sworn-written motion for continuance. The written motion for continuance is not in the record before us. Generally, this is required. *See* TEX. CODE CRIM. PROC. ANN. art. 29.03; *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) ("[I]f a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." (quoting *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009))); *Guajardo v. State*, 109 S.W.3d 456, 462 n.17 (Tex. Crim. App. 2003) ("It is, however, the appealing party's burden to ensure that the record on appeal is sufficient to resolve the issue he presents."). In this instance, the reporter's record reveals the following: a written motion was presented to the trial court, the trial court stated on the record that it had received the written motion, the trial court ruled on that motion, the facts giving rise to the motion were known to both parties, and those facts were undisputed. Without saying that those circumstances comply with the requirements for complaining of a denial of a continuance, we opt to review Washington's complaint in the interests of justice.

4

"Denial of [a pretrial motion for delay or continuance] will be found an abuse of discretion on appeal only if the record shows with considerable specificity how the defendant was harmed by the absence of more preparation time than he actually had." *Gonzales v. State*, 304 S.W.3d 838, 842 (Tex. Crim. App. 2010) (alteration in original) (quoting GEORGE E. DIX & ROBERT O. DAWSON, 42 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 28.56, at 532–33 (2d ed. 2001)).

**B.    Analysis**

Since the trial court excluded the recorded-witness interview, we assume, without deciding, that the eve-of-trial production of the recorded-witness interview violated Article 39.14. By the same token, having excluded the recorded-witness interview, whether to grant a continuance as an additional remedy fell squarely within the trial court's discretion.

There is no dispute that the witness was in the vehicle with Washington, and that that was known to Washington. Nor is there a dispute that, via a police report and witness lists, the State had put Washington on notice that the witness could be called live at trial. Washington and the witness had been friends. But then the witness refused to speak with Washington. The trial court acknowledged the truism that witnesses can always change their story live on the stand at trial. The trial court further indicated that, based on what was stated at the hearing, if a continuance were granted, all Washington would be doing is reviewing the information he then had by virtue of the recorded interview.

On these circumstances, we cannot say that the trial court abused its discretion in denying the continuance.

We overrule Washington's first issue.

## II. Mistrial

In Washington's second and third issues, he argues that the trial court failed to grant a motion for mistrial.

### A. Standard of Review

"We review the denial of a motion for mistrial for abuse of discretion, viewing the evidence in the light most favorable to the trial court's ruling and considering only the arguments before the court at the time of its ruling." *McBurnett v. State*, 629 S.W.3d 660, 663 (Tex. App.—Fort Worth 2021, pet. ref'd) (citing *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009)). We will "reverse 'only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree.'" *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009) (quoting *State v. Gonzalez*, 855 S.W.2d 692, 695 n.4 (Tex. Crim. App. 1993) (plurality op.)). We do not "substitute [our] judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable." *Gonzalez*, 855 S.W.2d at 695 n.4 (quoting *Landry v. Travelers Ins. Co.*, 458 S.W.3d 649, 651 (Tex. 1970)).

### B. Applicable Law

"A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "The remedy of a mistrial is intended for a 'narrow class of highly prejudicial and incurable errors . . . .'" *Gomez v. State*, 552 S.W.3d 422, 428 (Tex.

6

App.—Fort Worth 2018, no pet.) (quoting *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000)). "It is 'an extreme remedy that should be granted only if residual prejudice remains after less drastic alternatives have been explored.'" *Id.* (quoting *Jenkins v. State*, 493 S.W.3d 583, 612 (Tex. Crim. App. 2016)). "The determination as to whether a given error calls for a mistrial must be made by examining the peculiar facts and circumstances of each case." *Hernandez v. State*, 805 S.W.2d 409, 414 (Tex. Crim. App. 1990). "Factors to consider include (1) the severity of the misconduct, (2) measures adopted to cure the misconduct, and (3) certainty of conviction absent the misconduct." *Gomez*, 552 S.W.3d at 428 (citing *Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007)). "Error is not reversible if it is harmless." *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

"Curative instructions frequently serve as effective alternatives to the extreme remedy of a mistrial . . ." *Ocon*, 284 S.W.3d at 887. "The court of criminal appeals has recognized that '[o]rdinarily, a prompt instruction to disregard will cure error associated with an improper question and answer.'" *McBurnett*, 629 S.W. 3d at 662 (alteration in original) (quoting *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) (per curiam)). Declaring a mistrial is essential "only when an improper question or answer is 'clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors.'" *Id.* (quoting *Wood*, 18 S.W.3d at 648 (quoting *Ladd*, 3 S.W.3d at 567).

### C.     No Preservation of Motion for Mistrial

In Washington's second issue, he argues that the trial court erred by failing to grant a mistrial in violation of Rule 403.

7

Generally, to preserve a complaint, a party must first present to the trial court "a timely request, objection, or motion" stating the specific grounds for the desired ruling if not apparent from the context. TEX. R. APP. P. 33.1(a)(1). And "the trial court [must have] ruled on the request, objection, or motion, either expressly or implicitly," or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

For a party to complain about the trial court's denial of his motion for mistrial, the "preferred procedure" to present the complaint and "preserve error [at trial] is to (1) object in a timely manner, (2) request an instruction to disregard, and (3) move for mistrial if the instruction to disregard seems insufficient" to cure the prejudice. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007). A party may request a mistrial after skipping the first two steps, but error is only preserved for appeal if "an instruction to disregard would not have cured . . . the harm flowing from the error." *Unkart v. State*, 400 S.W.3d 94, 99 (Tex. Crim. App. 2013). A timely request to disregard would have allowed the trial court to take immediate corrective action to cure any prejudice that may have occurred and, if the prejudice is curable, would have eliminated the need for a mistrial. "A request for an instruction to disregard is essential to the preservation of error only when such an instruction could have had the effect desired by the requesting party." *Cruz*, 225 S.W.3d at 548. The failure to "request a curative instruction before moving for mistrial . . . forfeit[s] appellate relief for an error that could have been cured by such an instruction." *Brewer v. State*, 367 S.W.3d 251, 253 (Tex. Crim. App. 2012). As noted above, in most cases, "a prompt instruction to disregard will cure the error associated with an improper question and answer, even one regarding extraneous offenses." *Ovalle*, 13 S.W.3d at 783.

8

After the State asked Detective Jake Strickland, an officer of the DPD Violent Crimes Task Force unit, how he got involved in the case, Strickland testified that "[h]e received information, [him] and [his] partner, that [Washington] had some active felony warrants." Washington objected and requested to approach the bench. There was an off-the-record discussion and no formal ruling. The State then asked, "You had some information that Tyrone Washington had active felony warrants. Is that accurate?" Strickland replied, "Yes." After two more questions by the State were asked, Washington objected, and another off-the-record conversation occurred. Then, Washington stated, "Your Honor, for the record, I apologize I didn't actually state my objection. I object to the witness's -- the line of questioning, first of all, and then the answer as it violates Rule 403."

Washington did not, however, request a mistrial or request that the jury disregard the testimony. *See Unkart*, 400 S.W.3d at 99 (holding that a motion for mistrial without a request for the jury to disregard will only preserve error if such a request to disregard would not have cured the improper statement). Since an instruction to disregard the objectionable statements was given right after Strickland's comment regarding felony warrants, it was sufficient to cure any error.

Because Washington failed to raise a motion for mistrial and a motion to disregard in the trial court, the mistrial complaint is not preserved. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

We overrule Washington's second issue.

### D.	Instruction to Disregard Cured Any Error

In his third issue, Washington argues that the trial court erred in failing to grant a mistrial after a violation of the motion in limine and Rule 403.

On direct examination, during the guilt-innocent phase, the State asked Strickland how Washington responded to being arrested. Strickland responded, "A little bit of everything. Cussing. Yelling. Typical behavior that I've dealt with in the past from him." Washington objected. During a hearing outside the presence of the jury, the trial court sustained the Rule 403 objection[3] and denied the motion for mistrial because the State did not directly elicit the objected-to testimony. The trial court admonished Strickland and instructed the jury to disregard Strickland's last statement. No further reference to Washington's prior interactions with law enforcement was made by any witness or by the State.

"The asking of an improper question will seldom call for a mistrial, because, in most cases, any harm can be cured by an instruction to disregard." *Ladd*, 3 S.W.3d at 567 (citing *Hernandez*, 805 S.W.2d at 413–14). When a trial court promptly instructs a jury to disregard improper testimony, that instruction ordinarily cures any resulting prejudice. *See Ovalle*, 13 S.W.3d at 783. An instruction to disregard will fail only when the improper evidence is "so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Rogers v. State*,

---

[3] Prior to trial, Washington filed a motion in limine asking that the State be prohibited from referring to extraneous bad acts or crimes of Washington. At the pretrial hearing, the trial court did not expressly rule on the motion, but instead had a discussion with the parties. In that discussion, the State assured the trial court that its witnesses would not mention prior offenses by Washington or investigations of Washington. The State asked, though, that its witnesses be allowed to testify to factual observations on contested factual matters such as the condition, over time, of a vehicle used by Washington. The trial court called that a fair approach. Washington agreed.

10

200 S.W.3d 233, 238 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd) (quoting *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992)).

Washington has not argued that the State's question was "clearly calculated to inflame the minds of the jury" or "of such character as to suggest the impossibility of withdrawing the impression produced on their minds." *Waldo v. State*, 746 S.W.2d 750, 752 (Tex. Crim. App. 1988) (quoting *Harris v. State*, 375 S.W.2d 310, 311 (Tex. Crim. App. 1964)). "[W]e presume that the jury followed the trial court's instruction." *Wells v. State*, 558 S.W.3d 661, 670 (Tex. App.—Fort Worth 2017, pet. ref'd).

We overrule Washington's third issue.

## III.  Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:    June 12, 2026
Date Decided:     July 31, 2026

Do Not Publish

11